Law Library

# IN THE SUPERIOR COURT OF GUAM

CARL T.C. GUTIERREZ, FRANK AGUON, )
JR., and JOHN AND JANE DOE CITIZEN )
PLAINTIFFS 1-1000, )
                 )
              Plaintiffs, )
                  )
                  )
     vs.                )
                  )
                  )
THE GUAM ELECTION COMMISSION, )
JOHN BLAS, JOSHUA TENORIO, JOSEPH )
MESA, ALICE TAIJERON, JOHN )
TERLAJE, ROBERT CRUZ, MARTHA )
RUTH, JOHN TAITANO, EDWARD B. )
CALVO, RAY TENORIO, AND JOHN and )
JANE DOE DEFENDANTS, 1-1000, )
                  )
            Defendants. )
_____ )

CIVIL CASE NO. CV1891-10

**DECISION AND ORDER RE: EX PARTE MOTION**

## INTRODUCTION

The matter of Plaintiffs' *Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, was filed and presented to the Honorable Arthur R. Barcinas on January 24, 2012. Attorney David J. Lujan represents the Plaintiffs, and Michael F. Phillips represents the Defendants. The *ex parte* motion was accompanied by a declaration of counsel claiming that no notice of the ex parte application should have been given to opposing counsel pursuant to CVR 7.1.1(b), allowing waivers of notice in the interests of justice. Pursuant to Rule 78 of the Guam Rules of Civil Procedure and Rule 7.1(e)(1) of the Local Rules of the Superior Court of Guam, the Court finds that oral argument is unnecessary, and will now issue its Decision and Order on the without hearing oral argument.

## DISCUSSION

Plaintiffs' motion requests an *ex parte, in camera* hearing solely between Plaintiffs' counsel and the Court, to be held off the record, for the purposes of allowing counsel to disclose

information to the Court regarding a possible conflict of interests between clients. On its face, the motion appears to request relief in the form of a hearing which would violate multiple rules.

The Superior Court of Guam has adopted the "Local Rules of the Superior Court of Guam," and these rules are made applicable to any and all cases litigated in the Superior Court of Guam through General Rule 1.1( c), which states:

> (c) Scope of the Rules: Construction. These Rules supplement the Guam Rules of Civil Procedure and the Guam Rules of Criminal Procedure. These Rules shall be construed so as to be consistent with applicable statutes to promote the just, efficient and economical determination of every action and proceeding. *The provisions of the General Rules* and the provisions of Civil Rules 7.1 and 7.1.1 of the Local Rules of the Superior Court of Guam *shall apply to all actions and proceedings, including civil, tax, and criminal*, except where they may be inconsistent with rules or provisions of law specifically applicable thereto.

Local Rules of the Superior Court of Guam, GR 2.1 (2012) (emphases added).

General Rule 8.1 substantially proscribes communications with a judge of the Superior Court of Guam and the judge's chamber personnel, and subsection ( a) specifically prohibits anyone from communicating with the judge or the judge's chamber personnel about any matter outside of calendaring purposes, except by means of papers allowed by law, such as filings including motions or petitions:

> GR 8.1. Correspondence and Communications with the Court. (a) No one shall directly or indirectly communicate with a judge or judicial officer, the Judge's chamber personnel (including law clerk), the clerk of court, or the clerk's deputies and assistants about any matter pending with the court except: (1) In open court; or (2) With the consent of all other counsel in such matter; or(3) In the presence of all other counsel in such matter; or (4) By means of petitions, motions or other papers provided for or allowed by rule of law; or (5) Matters of calendaring.

Local Rules of the Superior Court of Guam, GR 8.1 (2012).

As set forth in Plaintiffs' motion, the communication sought between counsel and the Court is not proposed to be made in the presence of opposing counsel, with the approval of opposing counsel, in open court, on the record, nor by means of filed documents, such that it could properly become part of the court's record, nor is its content alleged to concern matters of calendaring. Accordingly, under the local rules, the only manner in which counsel may privately meet with the

Court, *ex parte*, is as "allowed by rule of law" pursuant to GR 8.1(a)(4).

Thus, the Court looks to whether the type of disclosure and communication sought with the Court is permitted by law. At the outset, the Court notes that the Plaintiffs have failed to cite any authority permitting a Court to hold a private meeting with counsel for one party for the purpose of receiving disclosures regarding potential conflicts of interest. Having thus been provided with no direction or legal support for this proposed hearing and disclosure, the Court will begin by examining the ethical implications of such a hearing.

Plaintiffs have explicitly declared that "said matters involve the Attorney-Client relationship," and therefore "counsel requests an in-camera(sic) hearing to address the January 19, 2012 development and to preserve the Attorney-Client relationship. For the same reasons, counsel requests that notice to the opposing parties should not be required as permitted by CVR 7.1.1(a)(1)." Gutierrez, et. al. v. Guam Election Commission, et. al., Civil Case No. CV1891-10, *Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, p. 2, line 5, and p. 3, lines 3–6 (filed January 24, 2012).

Plaintiffs cite to GRPC Rule 1.6 regarding confidential information, and have expressly determined that the information sought to be disclosed to the Court is confidential, and subject to the Attorney-Client privilege and GRPC Rule 1.6. Ironically, despite Plaintiffs' attorney's determination that the information sought to be disclosed is confidential, Plaintiffs' attorney now seeks to disclose this information to the Court.

Rule 1.6 of the Guam Rules of Professional Conduct governs the "Confidentiality Of Information" and states:

> (a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
> (b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary: (1) to prevent reasonably certain death or substantial bodily harm; (2) to secure legal advice about the lawyer's

compliance with these Rules; (3) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or (4) to comply with other law or a court order.

GRPC Rule 1.6 (2012).

Pursuant to Rule 1.0(b), "'Confirmed in writing,' when used in reference to the informed consent of a person, denotes informed consent that is given in writing by the person or a writing that a lawyer promptly transmits to the person confirming an oral informed consent." GRPC Rule 1.0(b) (2012). Pursuant to Rule 1.0(e), "'Informed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." GRPC Rule 1.0(e) (2012).

As set forth in the Plaintiffs' motion, the information sought to be disclosed by Plaintiffs' attorney to the Court constitutes information "relating to the representation of a client." Because information regarding an attorney's continued representation and possible conflict of interest relates to the representation of the Plaintiffs, in order for Plaintiffs' attorney to disclose such information, it must either be "impliedly authorized, "consented in writing," or it must qualify under one of the exceptions listed in subsection (b). The information regarding a possible conflict of interest does not appear to fit any of the exceptions to the prohibition of disclosure of information obtained from a client in confidence and relating to the representation of the client under GRPC Rule 1.6(b), and the Plaintiffs do not claim that any of these exceptions is applicable. Further, the Plaintiffs have failed to include any evidence of informed written consent. *See* CVR Rule 7.1(c)(2). Therefore, the only possible way for the Plaintiffs' attorney to reveal such information to the Court is if the disclosure to the Court is "impliedly authorized" by the representation. This implied authorization is the only basis for disclosure mentioned in the Plaintiffs' motion.

The Guam Rules of Professional Conduct were adopted directly from the 2002 ABA Model Rules of Professional Conduct on September 29, 2003, pursuant to Promulgation Order No. 04-002. Therefore, the commentary, legislative history, and cases interpreting the ABA Model Rules of Professional Conduct constitute persuasive authority in Guam. *See e.g.*, People v. Diaz, 2007 Guam 3, ¶14, n.4 (Sup. Ct. Guam 2007)(where a Guam rule is substantially similar to and derived from a federal rule, federal cases interpreting that rule are persuasive authority); and Gibbs v. Holmes, 2001 Guam 11, ¶15 (Sup. Ct. Guam 2001)(where the Guam statute is similar to a state or federal statute, the state or federal cases interpreting that statute are persuasive authority in Guam).

Drafters' Comment Five to the identical ABA rule provides general guidance as to what types of disclosures are "impliedly authorized" by representation, stating:

> Except to the extent that the client's instructions or special circumstances limit that authority, a lawyer is impliedly authorized to make disclosures about a client when appropriate in carrying out the representation. In some situations, for example, a lawyer may be impliedly authorized to admit a fact that cannot properly be disputed or to make a disclosure that facilitates a satisfactory conclusion to a matter. Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.

ABA Model Rules of Professional Conduct, Rule 1.6, Comment 5 (2007).

Drafters' Comment Nine highlights that disclosures to obtain ethical advice from another attorney are also generally impliedly authorized:

> A lawyer's confidentiality obligations do not preclude a lawyer from securing confidential legal advice about the lawyer's personal responsibility to comply with these Rules. In most situations, disclosing information to secure such advice will be impliedly authorized for the lawyer to carry out the representation. Even when the disclosure is not impliedly authorized, paragraph (b)(4) permits such disclosure because of the importance of a lawyer's compliance with the Rules of Professional Conduct.

ABA Model Rules of Professional Conduct, Rule 1.6, Comment 9 (2007).

Both of these comments suggest that disclosures to other attorneys who are not opposing

counsel may be proper under particular circumstances. However, there is no indication within the rule or these comments that such disclosures would be properly made to a sitting judge. More particularly, there is no indication that the disclosure of a client's confidential information regarding a pending case, to a judge presiding over that case would be impliedly authorized.

When an attorney is faced with a possible conflict of interests between concurrent clients, Rule 1.7 directs an attorney as to the attorney's duties:

> Rule 1.7 Conflict Of Interest: Current Clients (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.

ABA Model Rules of Professional Conduct, Rule 1.7 (2007).

Again, the ABA comments to the rule provide guidance as to how the attorney should proceed in such a situation, in general, Comment Two states:

> Resolution of a conflict of interest problem under this Rule requires the lawyer to: 1) clearly identify the client or clients; 2) determine whether a conflict of interest exists; 3) *decide whether the representation may be undertaken despite the existence of a conflict, i.e., whether the conflict is consentable; and 4) if so, consult with the clients affected under paragraph (a) and obtain their informed consent, confirmed in writing.* The clients affected under paragraph (a) include both of the clients referred to in paragraph (a)(1) and the one or more clients whose representation might be materially limited under paragraph (a)(2).

ABA Model Rules of Professional Conduct, Rule 1.7, Comment 2 (2007)(emphasis added).

The comments set forth procedural guidance for a pre-existing conflict:

> A conflict of interest may exist before representation is undertaken, in which event the representation must be declined, unless the lawyer obtains the informed consent of each client under the conditions of paragraph (b). To determine whether a conflict of interest exists, *a lawyer should adopt reasonable procedures,*

*appropriate for the size and type of firm and practice, to determine in both litigation and non-litigation matters the persons and issues involved.* See also Comment to Rule 5.1. Ignorance caused by a failure to institute such procedures will not excuse a lawyer's violation of this Rule. As to whether a client-lawyer relationship exists or, having once been established, is continuing, see Comment to Rule 1.3 and Scope.

ABA Model Rules of Professional Conduct, Rule 1.7, Comment 3 (2007)(emphasis added).

The comments further set forth procedural guidance for a conflict which arises later:

If a conflict arises after representation has been undertaken, *the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the informed consent of the client under the conditions of paragraph (b).* See Rule 1.16. Where more than one client is involved, whether the lawyer may continue to represent any of the clients is determined both by the lawyer's ability to comply with duties owed to the former client and by the lawyer's ability to represent adequately the remaining client or clients, given the lawyer's duties to the former client. See Rule 1.9. See also Comments [5] and [29].

ABA Model Rules of Professional Conduct, Rule 1.7, Comment 4 (2007)(emphasis added).

The point of these comments is clear. When an attorney encounters a probable or possible conflict of interests between concurrent clients, it is the attorney's ethical obligation to handle the situation personally. The attorney's duty is to determine all aspects of the conflict, including how the attorney will proceed with continued representation, and no judicial involvement is implicated in any manner. In short, the Court does not resolve these types of issues for the parties or their attorneys.

Regarding the attorney-client relationship, concurrent conflicts of interest, and an attorney's duties to his client under all of these rules, the Supreme Court of Guam has adopted the reasoning of the California Court of Appeals. Gill v. Bischoff, 2011 Guam 25 ¶16. That court aptly stated, and the Supreme Court of Guam reiterated in part:

'The relation between attorney and client is a fiduciary relation of the very highest character, and binds the attorney to most conscientious fidelity . . .' Thus, not only does the attorney owe the duty to use skill, prudence and diligence in the performance of the tasks he undertakes for his client but owes undivided loyalty to the interests professionally entrusted to him. *Because of the inherent character of the attorney-client relationship, it has been jealously guarded and restricted to only the parties involved. For example, so personal and highly confidential is the relationship* and so personal are the services performed by the attorney *that his*

*authority,* in the absence of exceptional justifying circumstances, *is not delegable to other counsel without the client's permission;. . . .*

Goodley v. Wank & Wank, Inc., 133 Cal.Rptr. 83, 86 (Ct.App.1976) (emphasis added) (internal citations omitted).

The Plaintiffs' attorney may not delegate the attorney's ethical dilemma to the Court by disclosing confidential information to the Court.

Most importantly, and unfortunately, within the motion filed, the Plaintiffs' attorney has already disclosed some confidential information regarding a possible conflict of interest to the Court. Gutierrez, Civil Case No. CV1891-10, *Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, p. 2, lines 9–12 (filed January 24, 2012)("On or about January 19, 2012, a client herein emailed(sic) the undersigned counsel requesting his dismissal from the case. Thus, counsel believes this affects his continued concurrent representation of Plaintiffs herein.").

The unilateral provision of *ex parte* communications to the Court, in certain circumstances, has been held to require the disqualification of a judge of the Superior Court of Guam, even if the substantive content of the communication does not consist of unknown information, and is not immediately reviewed by the judge. Dizon v. Superior Court of Guam, 1998 Guam 3 ¶¶ 11–15.

Specifically, in Dizon, the Supreme Court of Guam found that the court's failure to disclose an *ex parte* communication received by the court created an appearance of bias, even though the content of the communication could have been considered innocuous. Id. at ¶15. It is clear that the Court's duty is to disclose any communications which appear to violate the rules, and inform all parties that the communication will not be considered. Id.; and Model Judicial Code of Conduct, Canon 3(B)(7)(a)(ii)(1990).

*Ex parte* communication with a judge regarding a pending case before the judge is not permissible in this instance. Local Rules of the Superior Court of Guam, GR 8.1. Further, communication with the judge may constitute a possible violation of the Guam Rules of

Professional Conduct, Rule 3.5(b)(2011) ("Impartiality and Decorum of the Tribunal. A lawyer shall not: (b) communicate ex parte with [a judge or other official] during the proceeding unless authorized to do so by law or court order;").

As there is no evidence of a written informed waiver of any of these issues by the Plaintiffs, and it appears that the disclosure of confidential information to the Court regarding a possible conflict of interest violates these rules in every respect, the Court must deny the Plaintiffs' request to hold an *ex parte, in camera* hearing, and must disclose the information received to the extent it is included in the Court's record.

The Court takes note of the offer of this *ex parte* information, and the Plaintiffs' already effected unilateral provision of some of this information to the Court, as contained in the Plaintiffs' motion, *see* Gutierrez, Civil Case No. CV1891-10, *Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, p. 2, lines 9–12 (filed January 24, 2012), in order to prevent any appearance of bias or impartiality on the part of the Court, and to issue a cautionary instruction against the pitfalls of informal communications with the Court.

Whereas it appears that the remedy of an *ex parte, in camera* hearing regarding the subject of disclosure of confidential information concerning a conflict of interests between clients is not authorized by law, and is instead prohibited by law, the Court DENIES the Plaintiffs' request for such a hearing. Further, whereas it also appears that the information already provided does not comply with GR Rule 8.1(a), the Court herein DISCLOSES the communication to meet disclosure requirements and avoid the appearance of partiality or bias. Dizon, 1998 Guam 3 at ¶15; and Model Judicial Code of Conduct, Canon 3(B)(7)(a)(ii)(1990). The Court further informs the parties that the Court will not consider any of the contents of the motion in determining the matters before the Court.

## A) Enlargement of Time Pursuant to GRCP Rule 6(b)(1)

Attorney Jesse Nassis previously appeared on behalf of the Plaintiffs at a status hearing held on January 18, 2012, at which time the Court disclosed that it had been appointed to serve in a non-compensated position on the Juvenile Justice Advisory Board by one of the Defendants, Edward B. Calvo. Thereupon, the Court granted the parties an opportunity to file any objections to the Court's qualification to hear this case pursuant to 7 GCA § 6105. In accordance with the Court's order, the time to file an objection expired on January 24, 2012. The Plaintiffs did not file an objection to competency, however, on January 24, 2012, the Plaintiffs filed a request for an extension of time to file such objections.

Rule 1 of the Guam Rules of Civil Procedure states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." GRCP Rule 1 (2012). The Supreme Court of Guam has held that the Guam Rules of Civil Procedure, adopted from the Federal Rules of Civil Procedure were "designed to discourage battles over mere form and eradicate needless procedural controversies, and to simplify practice by minimizing procedural encumbrances." Guam Power Authority v. Civil Service Com'n, 1988 Guam 15 ¶ 3.

The United States Supreme Court, affirming that the purpose of the Federal Rules of Civil Procedure is to allow litigants increased access to the courts, explained: "[I]f the rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966). In accordance with the basic principles of fairness and equity espoused by the United States Supreme Court and the Rules of Civil Procedure, GRCP Rule 6 allows the Court to enlarge time periods prescribed by the Rules of Civil Procedure or set by order of the Court.

GRCP 6(b)(1) provides in relevant part:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a

> specified time, the court for cause shown may at any time in its discretion (1) with or without notice or motion order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order....

GRCP Rule 6(b)(1)(2012).

Rule 6(b) grants a court wide discretion to allow additional time when a request is made prior to the expiration of the time period set by the court or prescribed by the Rules of Civil Procedure. GRCP Rule 6(b)(1). A court may exercise its discretion under Rule 6(b)(1) only for "cause shown," thus requiring that a party requesting an enlargement of time must demonstrate some justification for the issuance of the order. Id. So long as a showing of cause is made to the court, an application for enlargement of time under Rule 6(b)(1) is generally granted in the absence of bad faith or prejudice to the opposing party. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010); Creedon v. Taubman, D.C. Ohio 1947, 8 F.R.D. 268, 268–69 (Ohio Dist. Ct. 1947); see also Galdi v. Jones, 141 F.2d 982, 992 (2d Cir. 1944).

The Plaintiffs filed their motion requesting an extension of time to file an objection to this Court's competency on January 24, 2012, prior to the expiration of the time set by the Court. Therefore, the Court applies Rule 6(b)(1) to the request.

Bearing in mind that this is the first extension requested by the Plaintiffs, and therefore, the grant of an extension is generally discretionary, the Court scoured the Plaintiffs motion for any indication of "cause" shown within the motion. The Court found no statement setting forth a cause or reason for the extension. In fact, within the memorandum of points and authorities itself, the Court could not locate a statement or language even addressing the issue of an extension.

The Plaintiffs' motion is unaccompanied by any statement setting forth the reason or "cause" for the grant of an extension. Since the application is also made *ex parte*, the Plaintiffs have also failed to submit a declaration containing the reasons why the opposing parties could not be notified regarding the request for an extension of time, pursuant to CVR Rule 7.1.1(a). The Plaintiffs have submitted a "declaration," however, this declaration fails to address or mention the

Plaintiffs' motion for an extension, and fails to explain why the interests of justice would be better served by hearing this motion without notice to the Defendants, as would satisfy CVR 7.1.1(a) or (b). Courts in similar situations have determined that the failure to comply with both Rule 6(b) and local rules requires denial of the motion. Garcia v. New York State Police Investigator Aguiar, 138 F.Supp.2d 298, 301–02 (N.D.N.Y. 2001)(a request for an extension which neither complied with Rule 6(b), nor the local rule, 7.1, regarding the filing and submission of motions could not be granted due to the failure to comply with these procedures).

Even if the Court were to ignore the explanation and declaration requirement of CVR Rule 7.1.1, and the Plaintiffs' failure to comply with the local rule, the Court cannot find a single statement within the Plaintiffs' memorandum of points and authorities which either: (1) sets forth a request for an extension; or (2) sets forth a cause or reason for the grant of an extension.

The sole indicators that the Plaintiffs desire further opportunity to file an objection to the Court's competency are found in the title of the Plaintiffs' motion, which is labeled, "*Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel," and the first line of the filing, which states: "COMES NOW PETITIONER, undersigned counsel, and moves the Court for an *Ex Parte* Order . . . extending the deadline whether to object to the Honorable ARTHUR BARCINAS presiding over this matter." Civil Case No. CV1891-10, *Ex Parte* Application for *In Camera* Hearing and to Extend the Deadline for Objections; Memorandum of Points and Authorities; Declaration of Counsel, p. 1, lines 9–12 and 18–20 (filed January 24, 2012). No statement of the reason for the extension is declared or even hinted.

Some reason or "cause" for the extension must be provided by the party requesting the extension, and the extension cannot be granted in the absence thereof. *See* Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995)("Whether the court acts before or after the deadline [ ] has passed, however, the court may only grant the extension for good cause."); and Garcia v. U.S. Postal

Service, 98 CIV 9152 HBP, 2001 WL 102349, at *1 (S.D.N.Y. Feb. 7, 2001)(where no statement or explanation of cause for an extension was provided, "the absence of any reason for plaintiffs' failure to demand a jury in a timely manner weigh[ed] against granting plaintiffs' application" even in the absence of prejudice or bad faith). Accordingly, as the Plaintiffs have provided no cause upon which the Court could grant an extension of time to file an objection, and the Court cannot find a basis upon which to grant the request, the request must be denied.

However, pursuant to the Court's inherent powers under 7 GCA § 7107, the objectives of GRCP Rule 1, the timeliness of Plaintiffs' request for an extension, and the principles of law set forth in this decision, the Court grants an extension of time to properly file a request for an extension of time to file an objection to the Court's competency which complies with GRCP Rule 6(b)(1) by including a declaration or statement of "cause" for the extension of time to hear such an objection, and . GRCP Rule 6(b)(Court may *sua sponte* grant an extension of time under Rule 6(b) for cause). The Court grants this extension of time to properly request an extension on the basis or "cause" that the Plaintiffs timely attempted to request an extension, but apparently failed to comply with both the rules of civil procedure and the local rules due to the joint filing of the request with the Plaintiffs' motion for an *ex parte*, *in camera* hearing. As further cause, the Court recognizes that the Defendants have had no notice of this request for an extension and no opportunity to respond, and regarding Rule 6 extensions, "the Court prefers to resolve cases on their merits and to rule on motions with the benefit of all relevant evidence and argument, as an approach that best serves the interests of justice." Kucik v. Yamaha Motor Corp., U.S.A., Cause No. 2:08-CV-161-TS, 2009 WL 3401978, *2 (Ind. Dist Ct. 2009). Accordingly, the Court will allow the Plaintiffs a second chance to file a proper request, such that: (1) the Defendants will be properly notified of the request for an extension, or the Plaintiffs will comply with CVR Rule 7.1.1(a) and show cause why the Defendants should not be notified of this particular request; and (2) the Court's record and the basis for granting an extension to file objections will be clear.

## CONCLUSION

The Court DENIES the Plaintiffs' requests for an *ex parte*, *in camera* hearing, and DENIES Plaintiffs' request for additional time to file an objection to competency. However, the Plaintiffs are GRANTED additional time in which to properly file a request for an extension which complies with the Guam Rules of Civil Procedure, Rule 6, and the Local Rules of the Superior Court of Guam, CVR Rule 7.1 or CVR Rule 7.1.1. Plaintiffs are afforded the opportunity to file a request for extension of time to file an objection on or before **February 22, 2012**. The Plaintiffs' request, if any, shall include a declaration of "cause" as required under GRCP Rule 6 and shall comply with the mandates of CVR 7.1 or CVR 7.1.1, in order that the Court may properly hear and determine the request. Thereafter, the Defendants shall have an opportunity to respond as permitted under CVR Rule 7.1 or CVR 7.1.1.

SO ORDERED: FEB 0 6 2012 .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

